

FILED

DEC - 5 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

1
2
3
4
5
6
7
8
9      **UNITED STATES DISTRICT COURT**
10     **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 12cr918-BEN |
| Plaintiff, | |
| vs. | ORDER DENYING MOTIONS |
| JEFFREY R. SPANIER, | [Dkt. No. 289] |
| Defendant. | |

Now before the Court is Defendant's Motions and Motions *in Limine* (filed Nov. 20, 2013). Defendant's motion to dismiss Count 1 on the grounds of duplicity is denied. Defendant's motion to dismiss the indictment under the Speedy Trial Act is denied. The accompanying motions *in limine* have already been ruled on from the bench.

## I. DUPLICITY

This case is set for trial on December 10, 2013 after a mistrial on May 31, 2013. The government obtained a superceding indictment on October 18, 2013 and a second superceding indictment on October 25, 2013. The original indictment charged a conspiracy to defraud involving Spanier entities and stock lenders named "Argyll Equities, LLC" and "SW Argyll Investments, LLC." The superceding indictments add references to a stock lender named "Ayuda Funding, LLC" and a

stock lender named "Amerifund Capital Holdings, LLC" (not to be confused with "Amerifund Capital Finance, LLC" or "Amerifund Capital Group, LLC" – both allegedly controlled by Spanier).

"'An indictment is duplicitous where a single count joins two or more distinct and separate offenses.'" *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005) (quoting *Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001)). It appears that the superceding indictment sets out a newly-described additional conspiracy by Spanier and the newly named stock lender entities "Ayuda Funding, LLC" and "Amerifund Capital Holdings, LLC" evidenced, *inter alia*, by an alleged loan transaction on May 22, 2009. *See* Second Superceding Indictment ¶ 12(g). Whether this is actually a second conspiracy, or just a new facet of the previously alleged conspiracy, is not at all clear. It is a fact question which is correctly left to the jury to decide.

More importantly, even if Count 1 of the second superceding indictment is duplicitous, the remedy is not dismissal as Defendant requests. Because duplicity is only a violation of Federal Rule of Criminal Procedure 8, duplicity is not fatal to an indictment. *Ramirez-Martinez*, 273 F.3d at 915. The indictment may be remedied by either an election by the government or a jury instruction from the court. The election may yet occur before trial; the jury instruction would be given during trial. *Id.* ("[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed."). Either remedy may yet be employed. Therefore, the motion to dismiss Count 1 is denied.

## II. SPEEDY TRIAL ACT

Defendant complains that the Speedy Trial Act required retrial within 70 days of the mistrial and that the indictment must now be dismissed. Mistrial was

declared on May 31, 2013.  Trial is set for December 10, 2013.  Trial will begin approximately 190 days after the mistrial.

Defendant argues that the Speedy Trial "clock" ran out on August 9, 2013 and that because trial had not begun by that date, the case against Defendant Spanier must be dismissed.  Hearings were held on June 10, 2013, August 5, 2013, August 19, 2013.  He admits that neither he nor his counsel objected to setting the trial beyond August 9, 2013.  Nevertheless, he argues that a defendant can neither waive the Speedy Trial Act right prospectively, nor retrospectively, so long as the motion to dismiss is made before trial.  He may be correct.

Of course, a defendant may waive his federal constitutional right to be charged by indictment.  He may waive his federal constitutional right to not be compelled to be a witness against himself.  He may waive his federal constitutional right to be tried by a jury of his peers.  He may waive his federal constitutional right to be tried in the district wherein the crime is alleged to have been committed.  He may waive his federal constitutional right to compel or cross-examine witnesses.  He may waive his federal constitutional right to the assistance of counsel.  He may even waive his federal constitutional Sixth Amendment right to a speedy trial – for that right is personal to the defendant.  However, the Supreme Court has said that a defendant may not prospectively waive the application of the legislation known as the Speedy Trial Act of 1974, 18 U.S.C. §3161.  *See Zedner v. United States*, 547 U.S. 489, 500 (2006); *United States v. Alvarez-Perez*, 629 F.3d 1053, 1060 (9th Cir. 2010).  Therefore, consideration begins with the application of the Speedy Trial Act clock.

The Act generally requires a trial to begin within 70 days.  *Zedner*, 547 U.S. at 497.  However, the 70-day clock is not unstoppable.  "The Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."  *Id.*  As *Zedner* notes, "[m]uch of the Act's flexibility is furnished by §3161(h)(8), which governs ends-of-justice continuances."  *Id.* at 498; *see also*

1  *United States v. King*, 483 F.3d 969, 974-75 (9th Cir. 2007) ("[A] district court is

2  required to exclude from speedy trial calculations . . . 'any period of delay resulting

3  from a continuance granted by any judge on his own motion . . . if the judge granted

4  such continuance on the basis of his findings that the ends of justice served by

5  taking such action outweigh the best interest of the public and the defendant in a

6  speedy trial, 18 U.S.C. §3161(h)(8)(A).'").

7       In this case, the clock is defined by §3163(e). Section 3161(e) states, *inter*

8  *alia*, "[i]f the defendant is to be tried again following a declaration by the trial judge

9  of a mistrial . . . the trial shall commence within seventy days. . . . *The periods of*

10 *delay enumerated in section 3161(h) are excluded in computing the time limitations*

11 *specified in this section*." (Emphasis added.) One of the reasons for excluding time

12 found in §3161(h) is where a judge deems the case "complex." *See*

13 §3161(h)(7)(B)(ii) ("Whether the case is so unusual or so complex, due to the

14 number of defendants, the nature of the prosecution, or the existence of novel

15 questions of fact or law, that it is unreasonable to expect adequate preparation for

16 pretrial proceedings or for the trial itself within the time limits established by this

17 section.").

18       The government argues that since the case was declared complex before the

19 mistrial, the case complexity continued and the complexity served as a basis to

20 exclude time once the Speedy Trial Act clock began to run anew.[1]  The case was

21 declared complex upon the agreement of all sides on September 24, 2012.  The

22

23 [1]The government also argues that the defense cannot be permitted to sandbag by not objecting
   and moving to dismiss on the eve of trial, citing *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir.
   1997).

24       Immediately after the mistrial, the Court discussed possible re-trial dates.  The Court assumed
   that, now having heard the government's case, the Defendant felt he needed additional time to prepare

25 in order to reinforce his defense.  Then, when the Court thought it might not be able to proceed to trial
   on the original date, it set a status conference.  After hearing from counsel, and after the Court

26 indicated that it would proceed to trial on the original date set, it was defense counsel who argued for
   a further continuance.  Again, the Court assumed that defense counsel needed additional time to

27 prepare.
        Although the Ninth Circuit has expressed its dissatisfaction with *Shetty*-type sandbagging

28 tactics, it nevertheless held a motion made on the eve of trial, to dismiss based on the Speedy Trial
   Act, was still timely.  *United States v. Alvarez-Perez*, 629 F.3d 1053, 1060 (9th Cir. 2010).

1  Court agrees that the complexity continues.

2       The Speedy Trial Act clock begins to run on the date the court declares a

3  mistrial because of a hung jury. *United States v. Pitner*, 307 F.3d 1178, 1182 n.3

4  (9th Cir. 2002). However, time was immediately excluded because the case

5  remained complex. That one defendant has passed away and another has been

6  found guilty does not make the continuing case against Spanier simple.

7  Immediately following the trial, the government learned of an issue regarding juror

8  conduct. An investigation was made and parties were given until July 1, 2013 to

9  file motions with a hearing scheduled for July 29, 2013.

10       The charges still involve a complex scheme of conspiracy and fraud

11  involving complicated stock pledging agreements and multiple entities over a

12  period of at least seven years. There have been complex issues of law and fact. The

13  government still plans to have witnesses return for trial from across the globe. Case

14  discovery is voluminous and continues to be produced in large quantities by the

15  government. The government has only recently disclosed the existence of a new

16  important witness willing to testify. Counsel have been accompanied to

17  proceedings by support staff. Defense counsel has sought fees for investigator time

18  far in excess of the statutory maximums. Counsel for a co-defendant has sought

19  fees in excess of the statutory maximum because of the case complexity. Court

20  filings are voluminous (at least 290 docket entries as of this date) and ongoing. The

21  government has sought forfeiture of valuable assets for which several parties have

22  made competing claims, and about which the issue of Spanier's ownership interests

23  will have to be resolved. Victims are numerous and many have lost large sums of

24  money. Counsel were not prepared to re-try the case within 70 days nor within prior

25  extensions. For example, defense counsel submitted a CJA 20 voucher describing

26  his work for Defendant Spanier over the important time period from June 12, 2013

27

28

to August 7, 2013.[2]  A review of the itemized time entries indicates that counsel for the defense was not prepared to re-try the case on the 68th day after the mistrial. This is not a case that has dragged on for four years as in *Zedner*.  The initial indictment was filed just last year, and the case has already been tried once. Superceding indictments have been only recently filed.

Both the complexity and the other findings detailed herein support the ends-of-justice continuances this Court granted from the date of the mistrial to the date now set for trial under §3161(h).

It is noted that the Court has not detailed these findings on the record since the new Speedy Trial Act clock began to run earlier this year.  However, it is sufficient to detail these previously made-but-not-announced findings on the record, now, in denying the motion to dismiss. *Zedner* teaches, "the Act is clear that the findings must be made, if only in the judge's mind, before granting a continuance." 547 U.S. at 506. *Zedner* explains that for the initial Speedy Trial Act clock, "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under §3162(a)(2)."[3] *Id.* at 507.

Moreover, the Ninth Circuit has not yet addressed the impact of *Zedner* on the exclusion of time from the running of the §3161(e) Speedy Trial Act clock.[4]  At least two other courts have concluded after *Zedner* that §3161(e) is less stringent than §3161(c) with regards to a court making contemporaneous or retroactive findings on the record for excluding time.  For example, the United States District

---

[2] The CJA 20 voucher and itemized time records attached to this Order as "Attachment A" shall be filed separately under seal to be disclosed to defense counsel only, until after trial.

[3] Section 3162(a)(2) provides for a sanction of dismissal for the running of the §3161(c) clock. The §3161(c) clock runs from the initial appearance or initial indictment. *United States v. Thomas*, 726 F.3d 1086, 1089 (9th Cir. 2013) ("The Speedy Trial Act has three 'clocks'" relevant to §3161(c)). For Spanier's retrial, the clock is a different clock.  It is that clock which is described in §3161(e).

[4] *United States v. Pinter*, 307 F.3d 1178, 1184 (9th Cir. 2002) (noting that a judge may not consider an ends-of-justice continuance after the 70-day deadline has passed) is a pre-*Zedner* case.

Court for the District of Columbia concluded that "a Section 3161(e) extension of the speedy trial clock from seventy days to 180 days is authorized under the Speedy Trial Act *after* the initial seventy-day period has elapsed." *United States v. Ginyard*, 572 F. Supp. 2d 30, 36 (D. D.C. 2008) (emphasis added).  The conclusion was based upon, among other things, the fact that Congress did not include in §3161(e) any need for contemporaneous judicial findings placed in the record – in contrast to §3161(h).  *Id.* at 35.

The United States District Court for the Eastern District of New York reached the same conclusion in *United States v. Shellef,* 756 F. Supp. 2d 280 (E.D. N.Y. 2011), *aff'd*, 718 F.3d 94 (2nd Cir. 2013).  "Congress' failure to add the same language from Section 3161(h)(8)(A) to 3161(e) is clear evidence that they did not want to impose a contemporaneous finding requirement under Section 3161(e)." *Id.* at 295.  *Shellef* explains, "the requirements of Section 3161(h)(8)(A) are completely inapposite to Section 3161(e), and the plain language of Section 3161(e) allows for implicit and/or retrospective extensions of the Speedy Trial clock, as long as the grounds for the extensions (*i.e.*, impracticality) are met." *Id.* at 294-95.  In affirming the district court, the Second Circuit in *Shellef* became the first circuit court to address this question.  The Second Circuit agreed and held that "neither the statutory text nor unwarranted concerns about the conduct of district courts support construing 18 U.S.C. §3161(e) to limit the exercise of a district court's extension discretion under that provision to the initial 70-day period for retrial." *Shellef*, 718 F.3d at 105.  These cases are persuasive.  Therefore, while it may be the better practice to put on the record findings justifying exclusions of time before the 70-day period concludes, this Court may announce now its reasons and findings for excluding time and granting continuances from May 31, 2013 to the day of trial.

Therefore, because of the complexity of the case and in view of the interests of justice which outweigh other interests, time has been excluded since the mistrial and continuances have been justified.  The Speedy Trial Act §3161(e) clock has not

1 | run out.  The motion to dismiss for violation of the Speedy Trial Act is denied.

2 | DATED: 12/05/13

3 |

4 | Hon. Roger T. Benitez
United States District Judge